[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 278.]

THE STATE EX REL. JAYNOR, APPELLANT, *v*. THE GERSTENSLAGER COMPANY ET AL., APPELLEES.

[Cite as *State ex rel. Jaynor v. The Gerstenslager Co.*, 1999-Ohio-66.]

*Workers' compensation—Complaint in mandamus alleging that Industrial Commission abused its discretion in denying claim for wage-loss compensation—Denial of writ affirmed, when.*

(No. 97-2527—Submitted November 17, 1999—Decided December 22, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD08-1024.

_____

{¶ 1} Appellant-claimant, Ronald Jaynor, was injured in an industrial accident in December 1986. His workers' compensation claim was allowed for "acute lumbar sprain." Claimant received three years of temporary total disability compensation before those benefits were terminated based on maximum medical improvement.

{¶ 2} Claimant apparently never returned to his former position of employment with appellee The Gerstenslager Company. In September 1993, claimant obtained a part-time job at a local school.

{¶ 3} On December 26, 1995, claimant applied for wage-loss compensation from December 19, 1990, forward. He also moved for the additional allowance of a herniated disc condition. A district hearing officer for appellee Industrial Commission of Ohio denied the additional allowance and also denied wage-loss compensation, writing:

"The entire period from 12/19/1990 through 12/25/1993 is not payable because no request for payment of wage-loss was made within two years. From 12/26/93 through 03/28/96, the claimant has not proven that he has a wage-loss compensable pursuant to R.C. 4123.56(B). The claimant has presented no

persuasive medical evidence during the period from 12/26/1993 to 03/28/1996, he had physical restrictions which preclude him from performing the duties of his former position of employment.

"Furthermore, the claimant submitted no proof of a job search and his part-time work at St. Joseph's Montessori is not sufficient to eliminate the need to continue to, in good faith, seek full-time employment. Accordingly, no wage-loss has been proven."

{¶ 4} A staff hearing officer affirmed at a hearing on May 22, 1996, adding:

"At hearing, claimant testified he has earned more since 02/03/1996 than he was making before his injury, so Wage Loss Compensation since that date is denied as no actual wage loss is shown.

"Claimant's testimony at hearing [that] he occasionally sought additional work after obtaining part-time employment as a janitor at St. Joseph Montessori School is found not to rise to the level of a good faith effort to obtain suitable employment consistent with an award of wage loss compensation."

{¶ 5} Further appeal was refused by the commission.

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying wage-loss compensation. The court of appeals denied the writ.

{¶ 7} This cause is now before this court upon an appeal as of right.

_____

*John S. Heath*, for appellant.

*Vorys, Sater, Seymour & Pease L.L.P.,* and *Julie M. Larson*, for appellee The Gerstenslager Company.

*Betty D. Montgomery*, Attorney General, and *Dennis L. Hufstader*, Assistant Attorney General, for appellee Industrial Commission.

_____

***Per Curiam.***

2

**{¶ 8}** The commission denied wage-loss compensation from December 19, 1990 through May 22, 1996. The court of appeals upheld that decision, and we affirm.

**{¶ 9}** Claimant moved for wage-loss compensation on December 26, 1995. Consequently, the two-year statute of limitations in R.C. 4123.52 bars compensation prior to December 26, 1993—a point claimant conceded at the staff hearing. The commission did not, therefore, abuse its discretion in denying wage-loss compensation prior to December 26, 1993.

**{¶ 10}** We also find no abuse of discretion in the commission's denial of wage-loss compensation from February 3, 1996 though May 22, 1996. Claimant testified that he was earning as much over that period as he had at his former position of employment. As such, claimant was not experiencing the actual wage-loss necessary to establish wage-loss compensation eligibility. *State ex rel. Watts v. Schottenstein Stores Corp.* (1993), 68 Ohio St.3d 118, 623 N.E.2d 1202.

**{¶ 11}** We turn finally to the period December 26, 1993 through February 2, 1996. The commission denied wage-loss compensation during this time for two reasons—insufficient medical evidence and lack of good faith job search. Because we find that the commission did not abuse its discretion as to the former reason, we find it unnecessary to address the latter.

**{¶ 12}** The medical evidence of record is replete with discussion of claimant's nonallowed disc conditions. Indeed, we do not find any relevant document that lacks at least a reference to these serious ailments. Consistent with the commission's determination, our review reveals no medical evidence substantiating that claimant's alleged inability to return to his former position of employment is due solely to his allowed condition. As such, claimant has failed to establish the requisite causal relationship between his allowed condition and his diminished earnings from December 26, 1993 through February 2, 1996.

**{¶ 13}** Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____